UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL THOMAS OAKIE,

        Petitioner,         Case Number: 06-CV-12587

v.        HONORABLE PAUL D. BORMAN

LINDA METRISH,

        Respondent.
_____/

**OPINION AND ORDER
(1) GRANTING RESPONDENT'S MOTION TO DISMISS
PETITION FOR WRIT OF HABEAS CORPUS;
AND (2) DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY**

Petitioner Daniel Thomas Oakie has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. At the time he filed his petition, Petitioner was incarcerated at the Kinross Correctional Facility in Kincheloe, Michigan. Since that time, Petitioner has been unconditionally discharged from prison. Respondent has filed a motion to dismiss the petition on the ground that the matter fails to satisfy the "case or controversy" requirement. For the following reasons, the Court DENIES Petitioner's Writ of Habeas Corpus and DECLINES to issue a certificate of appealability.

**I.    BACKGROUND**

Petitioner pleaded no contest in Oakland County Circuit Court to arson and aggravated stalking charges. On September 25, 2002, he was sentenced to 365 days in county jail and a two-year term of probation. After serving his county jail sentence, Petitioner was released on probation. He was subsequently arrested and charged with violating his probation. On

December 3, 2003, he was resentenced for the probation violation to two terms of 36 months to five years imprisonment, to be served concurrently, with 445 days of jail credit.

Petitioner appealed the probation violation. Following a hearing, the court amended his sentence and Petitioner was sentenced to 23 months to five years, and 11 months to five years, to be served concurrently. Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals, which denied leave to appeal. *People v. Oakie*, No. 259796 (Mich. Ct. App. Apr. 20, 2005). Petitioner filed an application for leave to appeal in the Michigan Supreme Court, which also denied leave to appeal. *People v. Oakie*, 474 Mich. 908 (2005).

Petitioner then filed the pending petition for a writ of habeas corpus, presenting the following claim:

> Defendant's conviction for violating probation should be reversed and vacated, as the People of the State of Michigan failed to present sufficient evidence in support of the violation.

## II.   ANALYSIS

### A.   Petition for Writ of Habeas Corpus

Respondent has filed a motion to dismiss on the ground that, because Petitioner has been discharged from custody, the petition is moot. The Michigan Department of Corrections' Offender Tracking Information System (OTIS) indicates that Petitioner was discharged from custody on September 21, 2006. The Court is permitted to take judicial notice of information on OTIS. *See Ward v. Wolfenbarger*, 323 F. Supp. 2d 818, 821 n.3 (E.D. Mich. 2004).

Article III, § 2 of the Constitution requires the existence of a case or controversy through all stages of federal judicial proceedings. This case or controversy requirement means that, throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury

traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). Where a habeas corpus petitioner challenges a conviction pursuant to which the petitioner is no longer incarcerated, collateral consequences sufficient to satisfy the case or controversy requirement will generally be presumed. *Sibron v. New York*, 392 U.S. 40, 55 (1968). However, the Supreme Court has declined to extend this presumption of collateral consequences to parole revocations. *Spencer v. Kemna*, 523 U.S. 1, 12-14 (1998). Instead, the Court requires a petitioner to demonstrate the existence of actual collateral consequences, where a petitioner challenges a parole revocation but has completed the sentence imposed upon revocation. *Id.* at 13-14. The Supreme Court has found a petitioner's claims that he may suffer detriment in future parole proceedings or that the parole may affect the petitioner's employment prospects or future criminal sentences to be insufficient to prove collateral consequences. *Id.*

Petitioner has completed the sentence imposed upon revocation of his parole, but has not shown that he suffers from continuing collateral consequences of the parole revocation. Accordingly, his claims are moot; and his petition shall be dismissed.

### B. Certificate of Appealability

The Court next addresses whether a certificate of appealability should be issued. Before Petitioner may appeal the Court's dispositive decision denying his petition, a certificate of appealability must issue. The Court must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).

"When a habeas applicant seeks permission to initiate appellate review of the dismissal of his petition," a federal court should "limit its examination to a threshold inquiry into the underlying merit of his claims." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDonnell*, 529 U.S. 473, 484 (2000).

The Court concludes that reasonable jurists would not find the Court's finding that the petition should be dismissed because no justiciable case or controversy exists to be debatable or wrong. Accordingly, the Court holds that Petitioner is not entitled to a certificate of appealability.

## III.    CONCLUSION

The Court **GRANTS** Respondent's Motion to Dismiss petition for a writ of habeas corpus.

The Court **DENIES** a certificate of appealability.

                                                          s/Paul D. Borman
                                                          PAUL D. BORMAN
                                                          UNITED STATES DISTRICT JUDGE

Dated:  November 30, 2006

### CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on November 30, 2006.

                                                          s/Denise Goodine
                                                          Case Manager